UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROSETTA V. CANNATA,

    Petitioner,

v.                                              Case No. 4:21cv283-MW-HTC

UNITED STATES OF AMERICA,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Petitioner, Rosetta V. Cannata, a federal prisoner at Marianna Prison Camp, initiated this matter by filing a *pro se* petition under 28 U.S.C. § 2241, seeking application of earned time credits under the First Step Act ("FSA"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases because Petitioner has not exhausted administrative remedies and the request for relief is premature.

**I.    BACKGROUND**

In her criminal case, Cannata was found guilty after a jury trial of one count of conspiracy to distribute opiates; four counts of actual distribution of opiates; and

one count of illegally bringing an alien into the country. Verdict, *U.S. v. Turner and Cannata*, 8:2015cr264, ECF Doc. 145 (M.D. Fla. July 20, 2017). She was sentenced as follows: "Counts 1s, 2s, 3s, 4s, and 5s, IMPRISONMENT--151 months as to each count, concurrent with all counts; SUPERVISED RELEASE--36 months as to each count, concurrent with all counts." Judgment, *Id.*, ECF Doc. 229 (December 6, 2017).

Petitioner states in the petition that she "[w]ould like the Court to order Marianna Prison Camp and the Bureau of Prisons to calculate Cannata's 'Earned Time Credits and Programming Credits' under the First Step Act," claiming that she "has worked full time and has maintained a minimum custody level with community status for the full time of her incarceration." *Id.* She claims that "Coleman Camp and now Marianna have refused to calculate her credits. The Case Manager and Marianna . . . told Cannata she was not authorized by the BOP to calculate these credits and was not instructed on how to do so and offered Cannata no further help or guidance [with] this matter." *Id.* at 2.

Petitioner concludes that "[t]he BOP's position that they will not give the prisoners their complete PATTERN program and calculation of time credits before January 15, 2022 with no benefit to the prisoner is contrary to the statutory language, not to mention the unfairness of such a result." *Id.* at 7. She continues, "[t]he calculation of time credits for Cannata would mean that the percentage of her time

served would increase and that would put her at home earlier with the CARES Act or The Elderly Home Detention Program." *Id.* For relief, she asks for the "Court to immediately direct the BOP to both calculate her time credits and then allow the BOP to apply them to her home release." *Id.*

## II. EXHAUSTION

A § 2241 petition may properly proceed where the petitioner challenges the *execution* of his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (explaining that challenges to the execution of a sentence are cognizable under § 2241). However, a petitioner must exhaust available administrative remedies before he can obtain relief. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016). Although exhaustion is not a jurisdictional prerequisite to suit, it is still a requirement. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated by Santiago–Lugo*, 785 F.3d at 471, 474–75, 474 n.5. Indeed, "the exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (a claim asking the court to grant credit for time-served can be brought under Section 2241 only after a petitioner has exhausted administrative remedies)).

To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91(2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act). While Petitioner does not need to allege exhaustion in her petition, Petitioner admits she has not exhausted her administrative remedies. ECF Doc. 1 at 3. Petitioner argues, however, that she should be excused from the exhaustion requirements because this case "presents a narrow dispute of the statutory construction which is exempt from the necessity to file administrative remedies, especially when the petitioner demonstrates that it is futile." *Id.* at 3 (citing *Gambino v. Morris*, 132 F.3d 156, 171 (3rd Cir. 1998)).

Petitioner's reliance on *Gambino* is unavailing. That case predates the FSA by two decades, and no Court of Appeals has held that it applies to the FSA. Moreover, application of the "statutory construction exemption" to the FSA has been rejected by district courts nationwide. *See, e.g., Toussaint v. Knight*, 2021 WL 2635887, at *4 (D.S.C. June 4, 2021), *report and recommendation adopted*, 2021 WL 2635479 (D.S.C. June 25, 2021) (rejecting same argument as "without merit" because petitioner "fails to identify any issue of statutory construction that the court must resolve" and, instead, "simply asks the court to order the BOP to calculate and award additional credit time for his completion of EBRR programs."); *Qattoum v. Gillis*, No. 5:18-CV-137, 2020 WL 2841784 at *3 (S.D. Miss. June 1, 2020) (holding

that the petitioner must exhaust his claim concerning Earned Time Credit with the Bureau of Prisons before filing a federal habeas petition); *Saenz v. Warden, FPC Beaumont*, No. 1:20-CV-478, 2021 WL 2834410, at *2 (E.D. Tex. June 1, 2021) (rejecting contention "that exhaustion is not required because, in this instance, it would be futile" and holding that "Bureau of Prisons should have the opportunity to review petitioner's claim and determine whether he is entitled to Earned Time Credit before pursuing his claim in federal court"); *Little v. Andrews*, 2021 WL 1895890, at *2 (E.D. Va. May 11, 2021) ("Accordingly, if Petitioner believes that he is entitled to time credits for any programming he completed during his incarceration he must first address his request through the BOP administrative grievance process and permit the BOP to calculate his entitlement to any time credits.") (quoting *Simpson*, 2020 WL 8813664, at *10 (N.D.W. Va. Sept. 17, 2020) and citing *Bowling v. Hudgins*, 2020 WL 1918248, at *4 (N.D.W. Va. Mar. 16, 2020)).

In fact, the only district court case that supports the "statutory construction exemption" argument is *Goodman v. Ortiz*, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), which district courts in this Circuit have strictly constrained to its facts. *See, e.g.*, *Caron v. Garrett*, 2021 WL 2672049, at *2 (N.D. Ala. June 4, 2021), *report and recommendation adopted sub nom; Caron v. Garrett*, 2021 WL 2661963 (N.D. Ala. June 29, 2021) (distinguishing *Goodman* because respondent does not concede petitioner has successfully completed coursework that would qualify for earned time

credit, thus the case presented an existing factual dispute); *Fleming v. Joseph*, No. 3:20CV5990-LC-HTC, 2021 WL 1669361, at *3 (N.D. Fla. Apr. 7, 2021) (rejecting argument that exhaustion is not required because "Petitioner's case is distinguishable from Goodman's because in *Goodman*, the Respondent either agreed to or simply did not oppose the Goodman's calculation that he had earned 120 days of credit against his sentence under the FSA."), *report and recommendation adopted*, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Herring v. Joseph*, No. 4:20CV249-TKW-HTC, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) (rejecting argument that exhaustion was futile).

Courts in this circuit have instead found that exhaustion is required. *E.g.*, *DeJesus v. Woods*, No. 2:19cv121-WHA, 2019 WL 3326199 at *5 (M.D. Ala. June 21, 2019) (recommending dismissal of § 2241 petition seeking good conduct time and placement on home confinement under FSA as premature and explaining that, even if petition were ripe for review, court would not address merits of claims because petitioner did not exhaust administrative remedies); *Haynes v. Edge*, No. 2:19cv15, 2019 WL 3326221 at *2 (S.D. Ga. June 12, 2019) (recommending dismissal of § 2241 petition seeking good conduct credit under FSA as premature and explaining that, even if not premature, petition "would be subject to dismissal because he failed to exhaust his available administrative remedies prior to the filing of this Petition"); *Gibson v. Keaton Corr.*, No. 4:19CV391-WS/CAS, 2019 WL

5927732, at *2 (N.D. Fla. Oct. 8, 2019), *report and recommendation adopted*, No. 4:19CV391-WS/CAS, 2019 WL 5902141 (N.D. Fla. Nov. 12, 2019) ("In this case, nothing indicates Gibson exhausted his administrative remedies before filing this § 2241 petition. . . . Accordingly, this petition should be dismissed without prejudice."). Petitioner, therefore, is required to properly exhaust her administrative remedies, and her failure to do so precludes her from proceeding in this action.

## III. THE PETITION IS PREMATURE

Even if Petitioner had exhausted her administrative remedies, the petition is still subject to dismissal *sua sponte* because it is premature; her case manager's response to Petitioner that the FSA provisions at issue do not go into effect until January 15, 2022, was correct. On December 21, 2018, the FSA was signed into law. Among other things, the FSA provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C.A. § 3632. The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019. *See* First Step Act of 2018 Risk and Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the

Case No. 4:21cv283-MW-HTC

"PATTERN").[1]  The FSA gave the BOP 180 days, or until January of 2020, to complete the risk and needs assessment for each prisoner, which appears to have occurred in this case.  ECF Doc. 16-4 at ¶¶ 6-7.

The FSA also gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation.  *See* 18 U.S.C. § 3261(h)(2)(A).  That 2-year phase-in date has not expired and will not until January 2022.  Petitioner's claim is therefore premature and not ripe.  *Llewlyn v. Johns*, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe."); *Herring*, 2020 WL 3642706 at *1  (dismissing petition *sua sponte* for failure to exhaust and "because, as explained in the R&R, Petitioner has no current right to the relief requested in the petition since the Bureau of Prisons (BOP) has until January 2022 to implement the provisions of the First Step Act on which the petition is based"); *Caron*, 2021 WL 2672049, at *1 ("The First Step Act, signed into law December 21, 2018, includes a provision allowing federal prisoners to earn credit on their sentences for completing

---

[1] Available at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf.

Case No. 4:21cv283-MW-HTC

approved evidence-based recidivism reduction programs. 18 U.S.C. §§ 3632(d)(4)(A) & 3635(3)(C). The FSA provided for a two-year 'phase in' period, which runs through January 15, 2022. 18 U.S.C. § 3621(h)(2)(A). Because the BOP has not completed the implementation phase, Caron's claims would be unripe even if she had exhausted her administrative remedies."); *Llufino v. Johns*, 2020 WL 5248556, at *2 (S.D. Ga. August 13, 2020) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llufino is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe.").

Because the BOP has until January 15, 2022 to implement the FSA, like the petitions in the cases above, Petitioner's petition is premature and subject to dismissal.

## IV. CONCLUSION

As set forth above, the petition should be dismissed because (1) Petitioner has not exhausted available administrative remedies; and (2) the relief requested by Petitioner is premature. A district court can dismiss an action on its own motion as long as the procedure employed is fair. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am.*

*United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Thus, this Report and Recommendation constitutes fair notice to Petitioner that her suit is due to be dismissed. Petitioner will have the opportunity to present her objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1). Therefore, a *sua sponte* dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241 be dismissed.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 18th day of August, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal</u>

<u>use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.